## TALMAN HOME MORTGAGE CORPORATION, Appellant,

### v.

## EL LAGO APARTMENT VENTURE, Appellee.

### No. 86C5028.

United States District Court, N.D. Illinois, E.D.

Feb. 11, 1987.

Francis L. Keldermans, Steven B. Varick, Mary K. Schulz, McBride, Baker & Coles, Chicago, Ill., for appellant.

Marc S. Lipinski of Rudnick & Wolfe, Chicago, Ill., for appellee.

## MEMORANDUM OPINION

KOCORAS, District Judge:

Talman Home Mortgage Corporation ("Talman") has appealed a decision of the bankruptcy court denying its motion to modify the automatic stay entered in a chapter 13 proceeding of John W. and Kathleen M. Toth ("the debtors"). For the following reasons, the decision is remanded to the bankruptcy court for further proceedings consistent with this opinion.[1]

The debtors own a condominium unit at 6157 North Sheridan Road in Chicago, Illinois. They borrowed money from Talman to purchase the condo and in return gave Talman a purchase money mortgage on the property. Appellee El Lago Apartments Venture also had a security interest in the property. The parties do not dispute that Talman's lien was valid and entitled to priority over El Lago's.

---

1. Appellee El Lago Apartments Venture has moved to strike portions of Talman's brief, contending that the statements contained in those portions are not supported by the record. Given that several documents designated for inclusion in the record on appeal were never received by this court, the court cannot determine whether many of these statements are properly supported. Because the court concludes on the facts as to which there is no dispute that the case must be remanded, it will address the merits of the appeal without addressing the motion to strike.

On July 18, 1985, the debtors filed their original plan under chapter 13. The plan provided, in part:

> (b) Talman Home Federal Savings and Loan Association shall receive title to Unit 15B, 6157 North Sheridan Road, Chicago, Illinois.
>
> (c) El Lago Apt. Venture shall receive such equity in Unit 15B as remains after the claim of Talman Home Federal Savings and Loan Association is satisfied.

Original Plan under Chapter 13, dated July 18, 1985, ¶¶ 3(b), (c).

On August 8, 1985, El Lago filed an objection to the plan. El Lago argued that because the debtors would no longer have an interest in the property after transferring title to Talman, El Lago's security interest in the property would be extinguished without satisfaction. Talman did not receive notice of the objection.

The debtors filed an amended plan on September 19, 1985. Under that plan:

> The debtor [would] deliver a deed in lieu of foreclosure, conveying the property ... to Talman ... in return for: (a) Talman's release of its mortgage against Unit 15B; and (b) Talman's cancellation of, and delivery to the debtors, of the note secured by Talman's mortgage against Unit 15B. Nothing contained in this Plan shall impair or effect the validity or enforceability of: (a) that certain Principal Note dated August 31, 1981 in the principal amount of $8672 payable to the order of Bearer, signed by John W. Toth and Kathleen M. Toth ... or (b) that certain Junior Trust Deed against Unit 15B securing the Note....

Amended Plan under Chapter 13, dated September 19, 1985, ¶ 3(c). The principal note and the junior trust deed form the basis for El Lago's interest. On October 3, 1985, El Lago withdrew its objection to confirmation of the plan.

On October 31, 1985, Talman moved to modify the automatic stay to permit Talman to foreclose on its mortgage. The debtors had no objection to the motion, but El Lago did. El Lago argued that because under the amended plan Talman was to take title to the property in lieu of foreclosure, Talman's motion effectively sought to modify the plan as well as the automatic stay.

The transcript of the October 31, 1985 hearing reflects considerable uncertainty over whether the amended plan had been confirmed. Ultimately, the bankruptcy judge concluded that he had entered the confirmation order on the preceding day nunc pro tunc to October 3, 1985. However, because it appeared that Talman had never received notice of the amended plan, the judge scheduled a hearing on Talman's motion to vacate the confirmation order and to modify the automatic stay for December 12, 1985.

Before that date, however, on November 14, 1985, an order confirming the amended plan was entered on the docket.[2] Talman contends that another confirmation hearing was also held on that date, a contention supported by the November 14, 1985 entry on the docket sheet. Talman did not receive notice of any such hearing.

Prior to the December 12, 1985 hearing, the debtors and Talman reached an agreement pursuant to which the debtors agreed to a modification of the automatic stay to permit Talman to foreclose on the property. On December 5, 1985, the bankruptcy court entered an agreed order reflecting the settlement. El Lago was not notified of this development.

On December 12, 1985, the court nevertheless proceeded with the scheduled hearing on Talman's motions. Talman did not appear at the hearing, in all likelihood because it had obtained the relief it sought when the bankruptcy court entered the agreed order. The bankruptcy court denied the motion to modify the automatic

---

**2.** El Lago has objected to references to the docket sheet because neither party indicated that the docket sheet should be included in the record on appeal. However, a certified copy of the docket sheet was transmitted to this court by the clerk of the bankruptcy court, along with the record on appeal.

stay and entered another order confirming the amended plan.

On January 3, 1986, the parties advised the bankruptcy court that it had entered inconsistent orders. The court vacated both the December 5, 1985 agreed order and the December 12, 1985 denial of Talman's motion to modify the automatic stay. The court held another hearing on the motion to modify the stay in January 1986 and subsequently issued a memorandum opinion denying the motion. Talman then filed this appeal.

Talman contends that the bankruptcy court's decision was in error because: 1) Talman was not given proper notice of the amended plan or the confirmation hearing on the plan and thus is not bound by the terms of the plan; 2) Talman's lien survived confirmation of the plan; and 3) the amended plan did not comply with 11 U.S.C. § 1325 and therefore should not have been confirmed. This court needs to address only the first of these arguments.

Neither party contests the adequacy of notice concerning the debtors' original plan. Although Talman complains that it did not receive notice of El Lago's objection to the plan, the failure to notify Talman of the objection is of no moment. Under Bankruptcy Rule 3020(b)(1), objections to the plan were to be filed with the court and served "on the debtor, the trustee, any committee appointed under the Code and on any other entity designated by the court." Talman does not fall within any of these categories.

In response to El Lago's objections, the debtors filed an amended plan. Under Rule 2002(a), the clerk or some other person selected by the court was to give "the debtor, the trustee, all creditors and indenture trustees not less than 20 days notice by mail" of the time to accept or reject a proposed modification of the plan. No one disputes that Talman was entitled to, but did not, receive such notice.

■■■ Talman undoubtedly knew of the amendment to the plan not later than October 31, 1985, the date on which it moved to modify the automatic stay.[3] The bankruptcy court obviously believed that Talman could be bound by a plan of which it had actual knowledge even if it had not received notice of that plan in conformity with the bankruptcy rules. Case law decided under both the Bankruptcy Code of 1978 and its predecessor, the Bankruptcy Act of 1898, indicates otherwise.

In *City of New York v. New York, New Haven & Hartford Railroad Co.*, 344 U.S. 293, 73 S.Ct. 299, 97 L.Ed. 333 (1953), the city, a known creditor of the debtor railroad which had filed an application for reorganization under the Bankruptcy Act, was given notice of the reorganization by publication. The Bankruptcy Act required "reasonable notice" of the period in which claims could be filed, and the Supreme Court found that notice by publication did not fulfill this requirement. The Court also found that unless the city received notice which complied with the act, the city's claim could not be barred even if it had actual knowledge of the reorganization:

> Nor can the bar order against New York be sustained because of the city's knowledge that reorganization of the railroad was taking place in the court. The argument is that such knowledge puts a duty on creditors to inquire for themselves about possible court orders limiting the time for filing claims. But even creditors who have knowledge of a reorganization have a right to assume that the statutory "reasonable notice" will be given them before their claims are forever

---

**3.** El Lago argues and the Bankruptcy Court found that Talman may have learned of the plan amendment even earlier. This position is based on the statement of the debtors' counsel that he discussed the amended plan with two of Talman's in-house attorneys before filing the plan and Talman's reference in its motion to modify the automatic stay to the debtor's proposed payments of $730 per month, an amount contained only in the amended plan. The bankruptcy court correctly stated that "oral notice by telephone call is simply not by itself a proper written substitute for the formal written notice that the Bankruptcy Rules require." Oddly, however, the court ultimately concluded that oral notice in person was an adequate substitute.

barred. When the judge ordered notice by mail to be given the appearing creditors, New York City acted reasonably in waiting to receive the same treatment. *Id.* at 297, 73 S.Ct. at 301. *See also In re Harbor Tank Storage,* 385 F.2d 111 (3d Cir.1967).

More recently, the Tenth Circuit reached the same result under the Bankruptcy Code in *Reliable Electric Co. v. Olson Construction Co.,* 726 F.2d 620 (10th Cir.1984). Olson was a creditor of Reliable, a debtor in a chapter 11 reorganization. Although Olson's attorney received telephone notice of the reorganization, Reliable never listed Olson as a creditor. Consequently, Olson was never sent notice of the time for filing an acceptance or rejection of the plan, the time of the confirmation hearing, or the time to object to confirmation. The Tenth Circuit held that Olson's claim was not discharged by the order confirming the plan and discharging Reliable, stating that under the Supreme Court's decision in *City of New York* a creditor with general knowledge of a debtor's reorganization proceeding has no duty to inquire about further court action. Rather, the creditor has "a 'right to assume' that he will receive all of the notices required by statute before his claim is forever barred." *Id.* at 622. Thus, the court found that Olson acted reasonably when it expected formal notice of the confirmation hearing and that because Olson was deprived of an opportunity to comment on the reorganization, it was denied due process. *See also Broomall Industries v. Data Design Logic Systems,* 786 F.2d 401, 405–06 (Fed.Cir.1986) ("even if Broomall [the creditor] had actual notice of the bankruptcy proceedings, that fact would not have obviated the necessity for service of formal notice on Broomall, nor would it have validated the discharge of Broomall's claim as a result of the order entered by the bankruptcy court.")

The Bankruptcy Court believed that these cases were not controlling because Talman had both actual notice and an opportunity to be heard. Talman's actual knowledge of the amendment to the plan does not distinguish this case from the authorities just discussed, for in each of those cases the court found the creditor's actual knowledge irrelevant, given its lack of formal notice.

The bankruptcy court's belief that Talman had an adequate opportunity to contest confirmation of the proposed plan after receiving actual notice, but failed to avail itself of this opportunity, is also troublesome. In its memorandum opinion, the court repeatedly referred to Talman's failure to act before November 24, 1985, within ten days of the docketing of the confirmation order.[4] However, the bankruptcy court itself indicated to Talman that it would entertain a motion to vacate the confirmation order until December 12, 1985.

Admittedly, the bankruptcy court did not ultimately rest its decision on Talman's failure to act by November 24, 1985. Rather, the court found that Talman was bound by confirmation of the amended plan because it *never* objected to, moved to vacate, or appealed the confirmation of the plan. The court found that "the alternative tactic deliberately employed by Talman was to obtain the stipulation for modification of the stay and to have the order entered without notice to El Lago." To the extent that this language suggests that Talman acted in bad faith, it is not supported. Nothing in the record suggests that either the failure to notify Talman of the plan amendments or the failure to notify El Lago of the modification of the automatic stay was the result of anything but oversight.

The bankruptcy court's decision effectively binds Talman to an order entered at El Lago's instigation without proper notice to Talman while excusing El Lago from an order entered at Talman's behest without proper notice to El Lago. As a result, Talman loses its lien on the condominium, a lien which El Lago concedes had priority over its own. This result is unduly harsh

---

4. Under the Bankruptcy Rules 9023 and 9006(b)(2), which incorporate Federal Rule of Civil Procedure 59, Talman had ten days to move for reconsideration of the court's order.

**350**

to Talman. Therefore, the court concludes that the case must be remanded to the bankruptcy court for a new hearing on confirmation of the plan preceded by notice which conforms to the requirements of the Bankruptcy Code and Rules. Talman's second and third arguments will not be discussed, although of apparent merit, because of the remand order.