**In re John A. GRAMBLING, Jr., Debtor.**

**Richard D. ZEISLER, Trustee, Plaintiff,**

**v.**

**BANK OF MONTREAL, Defendant.**

**Bankruptcy No. 5–85–00194.**
**Adv. No. 5–87–0117.**

United States Bankruptcy Court, D. Connecticut.

May 18, 1989.

See also, Bkrtcy., 85 B.R. 675.

Cathleen M. Halko, Kleban & Samor, P.C., Southport, Conn., for plaintiff.

Sean W. Gilligan, Douglas A. Strauss, Pullman, Comley, Bradley & Reeves, Bridgeport, Conn., for defendant.

## MEMORANDUM AND ORDER ON MOTION FOR JUDGMENT ON THE PLEADINGS OR SUMMARY JUDGMENT

ALAN H.W. SHIFF, Bankruptcy Judge.

The defendant Bank of Montreal (BOM) moves for judgment on the pleadings under Rule 12(c) Fed.R.Civ.P., made applicable by Bankruptcy Rule 7012(b), or, in the alternative, summary judgment under Rule 56(c) Fed.R.Civ.P., made applicable by Bankruptcy Rule 7056. The trustee objects.

## BACKGROUND

In August through December of 1984, Grambling Energy, Inc. (GEI) negotiated a financing agreement totalling $80,000,-000.00 with BOM for the purchase of Husky Oil, Ltd. As part of the proposed financing, BOM charged GEI a loan fee of $456,250.00 which was paid by Grambling & Company, Inc. on February 1, 1985. On April 2, 1985, involuntary chapter 7 petitions were filed against John A. Grambling, Jr. ("debtor") and GEI, and on May 23, 1985, Grambling & Company filed a petition under chapter 11. On June 13, 1985, this court ordered the joint administration of the three cases, and later appointed separate trustees in each case.

On January 13, 1988, the trustee in this case filed a second amended complaint to avoid the payment of the loan fee as a preferential and/or fraudulent transfer. The complaint alleges alternative theories of recovery, to wit: (1) that the transfer is avoidable because Grambling & Company was a shell corporation owned and controlled by the debtor, so that the loan fee payment by that company was in fact a payment by the debtor, or (2) that the payment was made indirectly by the debtor through Grambling and Company.

In support of its motion, BOM argues (1) that Grambling & Company was a separate corporate entity and that it, not the debtor, paid the loan fee, and (2) that because this court only ordered the joint administration of the three cases, rather than their substantive consolidation, the trustee in this case has no authority to avoid a preferential or fraudulent transfer by Grambling and Company. Implicit in the second argument is the contention there is no genuine *material* issue of fact since even if the transfer was made indirectly by the debtor, the trustee cannot prevail because indirect transfers cannot be avoided as a matter of law.

## DISCUSSION

Rule 12(c) provides that "[i]f, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be

treated as one for summary judgment and disposed of as provided in Rule 56...." Exhibits and affidavits were attached to the memoranda filed by the parties and were considered by the court. Accordingly, this motion is treated as one for summary judgment under Rule 56. *See Falls Riverway Realty, Inc. v. City of Niagara Falls,* 754 F.2d 49, 53–54 (2d Cir.1985).

Rule 56 provides in part:

(c) ... The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.....

. . . .

(e) ... When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.

In determining whether to grant summary judgment, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). Under Rule 56(e), a party opposing a properly supported motion for summary judgment must provide sufficient evidence in support of a claimed factual dispute to show that a judge or jury is required to resolve the parties' differing versions of the truth. *Id.; First Nat'l Bank of Ariz. v. Cities Serv. Co,* 391 U.S. 253, 288–89, 88 S.Ct. 1575, 1592–93, 20 L.Ed.2d 569 (1968).

### (1)

### Direct Transfer

■ The trustee attached to his memorandum the transcript of the Rule 2004 examination of Philip J. Stephens, Jr., the president of Grambling & Company at the time the loan fee was paid, who testified that Grambling & Company never held a board of directors meeting and that the debtor made all decisions regarding corporate action. *Memorandum of Law in Support of Plaintiff's Objections, Exhibit 4, at 76–77.* It is therefore apparent that there is a genuine issue of material fact regarding Grambling & Company's corporate legitimacy and that summary judgment may not enter.

### (2)

### Indirect transfer

The same result follows from an analysis of whether the transfer was made indirectly. In that regard, Stevens testified that the debtor deposited his personal funds into Grambling & Company bank accounts when it needed money, that the debtor had control over all Grambling & Company checking accounts, and that the debtor borrowed the $80,000,000.00 from BOM and agreed to pay the loan fee. *Id. at 9, 17, 56–57.* BOM admitted during oral argument that it was unclear where the money came from but disputes that it came from the debtor. "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson, supra,* 477 U.S. at 247–48, 106 S.Ct. at 2510 (emphasis in original). It seems, therefore, that BOM's motion focuses on the *materiality* of this disputed factual question, arguing that even if there was an indirect transfer, it may not be avoided as a matter of law.

■ Materiality is determined by applicable substantive law. *Id.* at 248, 106 S.Ct. at 2510. The narrow question of substantive law here is whether a trustee may avoid an indirect transfer. The Supreme Court has held:

To constitute a preference, it is not necessary that the transfer be made directly to the creditor. It may be made to another for his benefit. If the bankrupt has made a transfer of his property, the effect of which is to enable one of his

creditors to obtain a greater percentage of his debt than another creditor of the same class, circuity of arrangement will not avail to save it.

*National Bank of Newport v. National Herkimer County Bank,* 225 U.S. 178, 184, 32 S.Ct. 633, 635, 56 L.Ed. 1042 (1912). This holding under the Act has survived the passage of the 1978 Bankruptcy Code. *See Kellogg v. Blue Quail Energy, Inc. (Matter of Compton Corp.),* 831 F.2d 586, 592 (5th Cir.1987) ("The new Bankruptcy Code implicitly adopts this doctrine [indirect transfer] through its broad definition of 'transfer.'"); *Jet Fla., Inc. v. American Airlines, Inc. (In re Jet Fla. Sys., Inc.),* 73 B.R. 552, 554 (Bankr.S.D.Fla. 1987); 11 U.S.C. § 101(40) (West 1979) ("'transfer' means every mode, direct or indirect, ... of disposing of or parting with property or with an interest in property....").[1]

### CONCLUSION

There are genuine issues of material fact as to whether the payment of the loan fee was a direct or indirect transfer from the debtor. Accordingly, the motion for summary judgment is DENIED and

IT IS SO ORDERED.

---

**1.** Section 101(40) has been renumbered to § 101(50).