### In re NORTHEASTERN SOFTWARE, INC., Debtor.

### Neal OSSEN, Trustee, Plaintiff,

### v.

### FIRST SOFTWARE CORPORATION, Defendant.

Bankruptcy No. 5–86–00729.
Adv. No. 5–89–0073.

United States Bankruptcy Court,
D. Connecticut.

March 21, 1990.

---

Scott D. Rosen, Hoberman & Pollack, P.C., Hartford, Conn., for Neal Ossen, Chapter 7 Trustee.

David J. Burgess, Foley, Hoag & Eliot, Boston, Mass., for First Software Corp.

## MEMORANDUM AND DECISION ON MOTION FOR SUMMARY JUDGMENT

ALAN H.W. SHIFF, Bankruptcy Judge.

The defendant, First Software Corporation ("FSC"), moves for summary judg-

ment. For the reasons that follow, the motion is denied.

## BACKGROUND

On April 19, 1986, FSC filed a petition under chapter 11 in the District of Massachusetts. On February 20, 1987, that court entered an order confirming FSC's plan of reorganization.

On October 29, 1986, Northeastern Software, Inc. ("Northeastern") filed a petition under chapter 11 in this court, and on April 23, 1987, the plaintiff (the "trustee") was appointed chapter 11 trustee. On June 28, 1988, the case was converted to chapter 7, and on July 27, 1988, the trustee was appointed chapter 7 trustee.

On March 27, 1989, the trustee commenced the instant adversary proceeding, which seeks to recover $648,649.42 in allegedly preferential transfers made to FSC. See 11 U.S.C. § 547(b).[1] On May 4, 1989, FSC filed the instant motion for summary judgment, arguing that under § 1141(d) the February 20, 1987 confirmation order discharged any debt it may have owed Northeastern.

The trustee responds that Northeastern did not receive notice of the petition, the claims bar date, the confirmation hearing, the order of confirmation, or any other aspect of FSC's case, so that, notwithstanding the language of § 1141(d), a discharge of its preference claim would violate the due process clause of the Fifth Amendment.[2]

1. Code § 547(b) provides in part:
    [T]he trustee may avoid any transfer of an interest of the debtor in property—
    (1) to or for the benefit of a creditor;
    (2) for or on account of an antecedent debt owed by the debtor before such transfer was made;
    (3) made while the debtor was insolvent;
    (4) made—
    (A) on or within 90 days before the date of the filing of the petition; or
    (B) between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and
    (5) that enables such creditor to receive more than such creditor would receive if—

    (A) the case were a case under chapter 7 of this title;
    (B) the transfer had not been made; and
    (C) such creditor received payment of such debt to the extent provided by the provisions of this title.

2. Code § 1141(d)(1) provides:
    Except as otherwise provided in this subsection, in the plan, or in the order confirming the plan, the confirmation of a plan—
    (A) discharges the debtor from any debt that arose before the date of such confirmation, and any debt of a kind specified in section 502(g), 502(h), or 502(i) of this title, whether or not—

FSC acknowledges that it did not give Northeastern formal notice of any aspect of its case and recognizes a due process exception to § 1141 when a debtor knows of a creditor's claim but fails to provide that creditor with formal notice of the claims bar date or confirmation hearing date.[3] FSC contends, however, that the due process exception to a § 1141(d) discharge is not applicable and a creditor's claim is discharged under § 1141(d) if (1) a debtor does not know about a creditor's claim and (2) the creditor has actual knowledge of the debtor's bankruptcy case. FSC argues that both of those elements are present in this case. FSC points out that Northeastern had not filed or asserted a claim against it prior to the confirmation of its plan and states that it did not know about any Northeastern claim. FSC also contends, on the basis of affidavits of Karen Fitzpatrick and Ronald H. Faulk, Jr., two former employees of FSC, and an unsigned, undated letter written by Ronald Grabowski, a former principal of Northeastern, that Northeastern had actual knowledge of FSC's bankruptcy prior to the confirmation of its plan.[4]

> (i) a proof of the claim based on such debt is filed or deemed filed under section 501 of this title;
> (ii) such claim is allowed under section 502 of this title; or
> (iii) the holder of such claim has accepted the plan....

It is well established, however, that in the absence of adequate notice of a claims bar date or a confirmation hearing, the discharge of a creditor's claim under § 1141(d) would violate the due process clause of the Fifth Amendment. *E.g., Spring Valley Farms, Inc. v. Crow (In re Spring Valley Farms, Inc.),* 863 F.2d 832, 835 (11th Cir.1989) ("§ 1141 does not discharge the debt of a creditor who was known to an individual corporate debtor and failed to receive notice under Bankruptcy Rule 2002(a)(8), even if the creditor had actual knowledge of the general existence of the bankruptcy proceedings."); *Reliable Electric Co., Inc. v. Olson Constr. Co.,* 726 F.2d 620, 622–23 (10th Cir.1984) ("[N]otwithstanding the language of section 1141, the discharge of a claim without reasonable notice of the confirmation hearing is violative of the fifth amendment to the United States Constitution."); *Talman Home Mortgage Corp. v. El Lago Apartment Venture,* 70 B.R. 346, 348–50 (N.D.Ill. 1987); *Charter Int'l Oil Co. v. Ziegler (In re The Charter Co.),* 93 B.R. 281, 285 (Bankr.M.D.Fla. 1988).

The trustee argues that FSC's analysis did not go far enough. According to the trustee, the due process exception to a § 1141(d) discharge is not applicable only when (1) a debtor does not know about a creditor's claim, (2) the creditor has actual knowledge of the debtor's bankruptcy case, and (3) the debtor gives notice of the claims bar date and confirmation hearing date by publication pursuant to a court order. It is conceded by FSC that it did not give notice by publication of its petition, the bar date for filing claims, or its confirmation hearing.

The trustee further argues that even if publication of relevant dates were not required, summary judgment would still not be appropriate because there is a genuine dispute as to whether FSC knew that Northeastern had a preference claim against it prior to the confirmation of FSC's plan. In support of that argument, the trustee provides evidence[5] that prior to FSC's bankruptcy and up to the confirmation of its plan, Northeastern was one of FSC's largest accounts receivable debtors; that FSC changed Northeastern's payment

3. Where a debtor knows about a creditor's claim, it must list that claim in its schedules, *Acevedo v. Van Dorn Plastic Mach. Co. v. Cut Rate Plastic Hanger, Inc.,* 68 B.R. 495, 499 (Bankr.E.D.N.Y.1986); 11 U.S.C. § 521(1), which will result in in the receipt of formal written notice by the creditor. Thus, as FSC admits, the only notice that is adequate where a debtor knows about a creditor's claim is the formal written notice provided for by Bankruptcy Rule 2002. *See, e.g., City of New York v. New York, N.H. & H.R. Co.,* 344 U.S. 293, 297, 73 S.Ct. 299, 301, 97 L.Ed. 333 (1953) (formal notice is required when debtor knows name, address, and interest of a creditor); *Broomall Indus., Inc. v. Data Design Logic Sys., Inc.,* 786 F.2d 401, 404 (Fed.Cir.1986); *Talman Home Mortgage Corp., supra,* 70 B.R. at 348–50.

4. In their affidavits, Faulk and Fitzpatrick state that on many occasions they discussed the pendency of FSC's bankruptcy with Richard and Ronald Grabowski, two former principals and officers of the debtor. The Grabowski letter mentions the FSC bankruptcy.

5. The trustee submitted affidavits and exhibits in support of his objection. *See* Rule 56(e) Fed.R.Civ.P.

terms to require Northeastern to pay by certified check; that a number of those certified checks were subsequently dishonored by the issuing bank; and that FSC knew the date of Northeastern's bankruptcy because FSC was made a member of the Northeastern creditors' committee. Thus, the trustee argues, FSC was aware of Northeastern's deterioriating financial condition within the ninety day preference period and that transfers during that period were subject to a preference claim.

## DISCUSSION

Rule 56 Fed.R.Civ.P., made applicable by Bankruptcy Rule 7056, provides in part:

(c) ... The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law....

....

(e) ... When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.

In determining whether to grant summary judgment, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). The moving party has the burden of showing that there is no genuine issue of material fact, and all rea-

sonable inferences are to be drawn and all ambiguities are to be resolved in favor of the non-moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970); *Katz v. Goodyear Tire and Rubber Co.*, 737 F.2d 238, 244 (2d Cir.1984). A party opposing a properly supported motion for summary judgment "must offer concrete evidence raising genuine disputes of material fact tending to show that his version of events is more than fanciful ... or, alternatively, must show that the defendant is not entitled to summary judgment as a matter of law." *Johnson v. Carpenter Technology Corp.*, 723 F.Supp. 180, 182 (D.Conn.1989) (citations omitted). *See also Anderson, supra*, 477 U.S. at 249, 106 S.Ct. at 2510; *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 288–89, 88 S.Ct. 1575, 1592–93, 20 L.Ed.2d 569 (1968). Materiality is determined by applicable substantive law. *Anderson, supra*, 477 U.S. at 248, 106 S.Ct. at 2510; *Zeisler v. Bank of Montreal (In re Grambling)*, 99 B.R. 515, 517 (Bankr.D.Conn.1989).

The only question decided here is whether there is a genuine issue of fact as to whether FSC knew about Northeastern's preference claim prior to the February 20, 1987 confirmation of FSC's plan. Because I find that there is, I need not decide the disputed legal question of what would have constituted adequate notice if FSC did not know about Northeastern's claim.[6]

Code § 101(4)(A) defines a claim as "a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured...." By giving "claim" this "broadest possible definition" Congress intended that "all legal

---

6. Courts have disagreed as to what constitutes adequate notice where the debtor does not know about a creditor's claim and that creditor has actual knowledge of the debtor's bankruptcy case. Some courts have found that the debtor's burden is met if it files as complete a schedule of its debts as possible and that it is the creditor's responsibility to inquire about relevant dates. *In re Larsen*, 80 B.R. 784, 786–87 (Bankr. E.D.Va.1987); *Siouxland Beef Processing Co. v.*

*Knight (In re Siouxland Beef Processing Co.)*, 55 B.R. 95, 100 (Bankr.N.D.Iowa 1985). Other courts have found that in those circumstances, notice by publication satisfies the requirements of due process. *E.g., Hassett v. Weissman (In re O.P.M. Leasing Serv., Inc.)*, 48 B.R. 824, 831 (S.D.N.Y.1985); *In re Production Plating, Inc.*, 90 B.R. 277, 284–85 (Bankr.E.D.Mich.1988). *See also supra* note 3.

obligations of the debtor, no matter how remote or contingent, will be able to be dealt with in the bankruptcy case." S.Rep. No. 989, 95th Cong., 2d Sess. 22 (1978); H.R.Rep. No. 595, 95th Cong., 1st Sess. 309 (1977), U.S.Code Cong. & Admin.News 1978, pp. 5787, 5808, 6266. Therefore, when a debtor knows that the elements of a potential cause of action against it exist, it should list that cause of action as an unliquidated, contingent claim. *See Acevedo v. Van Dorn Plastic Mach. Co. v. Cut Rate Plastic Hanger, Inc.*, 68 B.R. 495, 499 (Bankr.E.D.N.Y.1986).

In attempting to satisfy its burden of showing that there is no dispute that it did not know about Northeastern's claim, FSC relies solely on the fact that Northeastern did not file a proof of claim or otherwise make a claim against FSC. The trustee, on the other hand, has introduced exhibits and affidavits describing a pattern of conduct by FSC immediately prior to and after Northeastern filed its petition which raises doubts as to whether FSC knew it had received a preferential transfer from Northeastern, and that Northeastern therefore had a claim against it. The state of FSC's knowledge of a potential claim by Northeastern, and therefore the question of whether FSC should have given Northeastern formal notice of its confirmation hearing, is in doubt and presents a genuine issue of material fact which must be tried. *See Broomall Indus., Inc. v. Data Design Logic Sys., Inc.*, 786 F.2d 401, 404–05 (Fed. Cir.1986).

### CONCLUSION

FSC's motion for summary judgment is denied, and IT IS SO ORDERED.