**In re SCOTT CABLE COMMUNICATIONS, INC., Debtor.**

**United States of America, Plaintiff,**

v.

**State Street Bank and Trust Company, as Indenture Trustee for Junior Subordinated Secured PIK Notes, Defendant.**

Bankruptcy No. 98–51923.
Adversary No. 98–5104.

United States Bankruptcy Court,
D. Connecticut,
Bridgeport Division.

June 7, 2001.

**7**

## ORDER TRANSFERRING ADVERSARY PROCEEDING TO THE DISTRICT OF DELAWARE

ALAN H.W. SHIFF, Chief Judge.

Before the court is a hearing on its *sua sponte* order to show cause why the venue of this case or this adversary proceeding should not be transferred to the District of Delaware. For the reasons that follow, it is determined that in the interest of justice, the adversary proceeding will be transferred to that district pursuant to 28 U.S.C § 1412,[1] Rule 1014 F.R.Bankr.P., and 11 U.S.C. § 105.

## BACKGROUND

On February 14, 1996 Scott Cable filed a chapter 11 petition in the District of Delaware. On December 6, 1996, its plan of reorganization (the "Delaware Plan") was confirmed. The Delaware Plan, *inter alia,* provided that "New Restructured Third Secured [Jr.] PIK Note[s] shall ... (iv) be secured by a lien on all of the assets of [Reorganized] Scott...." *United States of America v. State Street Bank and Trust Co., (In re Scott Cable Communications, Inc.),* 232 B.R. 558 at 561 (Bankr.D.Conn., 1999) (citing applicable provisions of the Delaware Plan), *rev'd,* 259 B.R. 536 (2001), *appeal pending.* Familiarity with those decisions is assumed. On October 1, 1998, Scott Cable (now known as "Reorganized Scott") filed a so-called prepackaged liquidating chapter 11 petition in this court.[2]

Ira Goldman, Shipman & Goodwin, Hartford, CT, for State Street Bank and Trust Company as Indenture Trustee.

Daniel H. Golden, Stroock & Stroock & Lavan, LLP, New York City, Craig I. Lifland, Zeisler & Zeisler, P.C., Bridgeport, CT, for Scott Cable Communications.

John V. Cardone, United States Department of Justice, Tax Division, Washington, D.C., Anne M. Nevins, Assistant United States Attorney, United States Department of Justice, Bridgeport, CT, for Internal Revenue Service.

1. As a core proceeding under 28 U.S.C. § 157, the motion to transfer venue is properly before this court. *Gulf States Exploration Co. v. Manville Forest Products Corp., (In re Manville),* 896 F.2d 1384, 1386 (2nd Cir. 1990).

2. On December 12, 1998, this court denied confirmation of Reorganized Scott's Plan because it had been improperly proposed primarily as a tax avoidance scheme under section 1129(d). *See In re Scott Cable,* 227 B.R.

596 (Bankr.D.Conn.1998). Reorganized Scott thereafter sought approval to liquidate, and on January 14, 1999 this court approved its motion to sell its assets. The sale closed on February 12, 1999, from which approximately $30 million was placed in escrow to pay the claims at issue here. Reorganized Scott has not filed another plan and disclosure statement since the denial of confirmation.

On November 19, 1998, the Internal Revenue Service filed the instant adversary proceeding, seeking to reclassify or equitably subordinate the secured claims of the Jr. PIKS, as provided in the confirmed Delaware Plan.[3] State Street Bank filed a motion for summary judgment, which was granted, *see United States of America v. State Street Bank and Trust Co., (In re Scott Cable Communications, Inc.), supra,* 232 B.R. 558. On March 12, 2001, the district court reversed this court's determination that the IRS had notice of, and that it was a party in interest to, the Delaware proceeding, and that *res judicata* precluded it from relitigating the Jr. PIKS' status under Delaware Plan. The matter was remanded to this court for further proceedings, that is, for a determination of whether the classification of the Jr. PIKS as holders of secured claims in the confirmed Delaware Plan is binding on the IRS.[4] *See* 11 U.S.C. § 1141. *See also In re Northeastern Software, Inc.,* 111 B.R. 387 (Bankr.D.Conn.1990). Put another way, the following issue is presented: assuming that the IRS would have objected if it had been given specific notice, the issue is whether the Delaware Plan would have been confirmed over any objection that the IRS might have raised. The issue in this *sua sponte* motion is why this court, rather than the court that confirmed the Delaware Plan, is the appropriate forum to consider the reach of the secured status of the Jr. PIKS' claims.

## DISCUSSION

■■■ Under Rule 1014(a)(1), F.R.Bankr.P., and 28 U.S.C. § 1412, this court [5] may transfer a case either "in the interest of justice or for the convenience of the parties." The inclusion of "in the interest of justice," *inter alia,* suggests that the court system itself has an interest in the efficient judicial administration of its cases. Moreover, 11 U.S.C. § 105 provides that this court may

> issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

Section 105(a) was enacted to permit courts a measure of flexibility from the literal language of the code to carry out the drafters' intent, recognizing that under isolated circumstances, a literal reading might thwart its purpose. *See In re Raytech,* 222 B.R. 19, 24 (Bankr.D.Conn.1998). Section 105 appropriately has been invoked by other bankruptcy courts "to prevent the abuses of process which may accompany forum shopping." *See, e.g., In re Henderson,* 197 B.R. 147 (Bankr.N.D.Ala. 1996). *See also N. Parent, Inc. v. Cotter & Company, (In re N. Parent, Inc.),* 221 B.R. 609, 631 (Bankr.D.Mass.1998) (specifically invoking § 105 to transfer venue pursuant to 28 U.S.C. § 1412); *In the Matter of Ocean Properties of Delaware, Inc.,* and *In re Southern Shores Investments Corp.,* 95 B.R. 304, 307 (Bankr.D.Del.1988) (same).

---

**3.** On January 8, 1999, Reorganized Scott filed a motion to intervene to which the IRS objected. On March 9, 1999, this court granted the motion to intervene for the limited purpose of prosecuting State Street Bank's summary judgment motion.

**4.** On May 14, 2001, the District Court denied Reorganized Scott's motion to certify the issue to the Second Circuit Court of Appeals.

**5.** *See supra* n. 1.

The IRS contends that efficiency is not served by a transfer of venue because the Delaware judge who presided over the original bankruptcy will have to recuse himself in any event. That argument is not persuasive. The issue of whether the IRS is the holder of a claim superior to that of the Jr. PIKS only arises as a matter of interpretation of the effect of the Delaware Plan, of which the IRS had inadequate notice. *See In re Scott, supra,* 259 B.R. 536 at 545 (D.Conn.2001), *appeal pending.* That issue arose here only because the IRS did not object to the confirmation of that plan and because Reorganized Scott filed a second chapter 11 petition in this district. That question is best answered by the Delaware bankruptcy court which approved the Delaware Plan. As Reorganized Scott and the IRS conceded on May 8, 2001, any resolution of this adversary proceeding will require an examination of the Delaware record. *See* Dkt. #51, transcript at 18–19, 21. The Delaware bankruptcy court is therefore the appropriate forum to determine what it would have done had the IRS objected to confirmation of the Delaware Plan.

Accordingly, adversary proceeding 98–5104, and any administrative expense or cash collateral applications associated with it, are hereby transferred to that district, and IT IS SO ORDERED.[6]

6. This court retains jurisdiction over the underlying bankruptcy case, which as noted has been administered here since October 1, 1998.