Sandvik AKTIEBOLAG, Toshiaki Hosoi, Ryosuke Hosoi, and Hosoi Machine Works Co., Ltd., Plaintiffs,

v.

WAUKESHA CUTTING TOOLS, INC. and Mitsubishi Metal Corporation, Defendants.

No. 85–C–700.

United States District Court, E.D. Wisconsin.

Aug. 4, 1986.

John V. Kitzke, Milwaukee, Wis., Ronald L. Grudziecki, Alexandria, Va., for plaintiffs.

Michael A. Lechter, Milwaukee, Wis., George M. Sirilla, Washington, D.C., for defendants.

## DECISION and ORDER

MYRON L. GORDON, Senior District Judge.

This is a patent infringement action involving a variety of rotary drill "With the Greatest Curvature at the Central Portion Thereof." Second Amended Complaint at par. 8. The plaintiffs are Sandvik Aktiebolag, a Swedish corporation, Toshiaki and Ryosuke Hosoi, the Japanese citizens who invented the drill, and Hosoi Machine Works Co., Ltd., their Japanese corporation. They claim that the defendants Waukesha Cutting Tools, Inc. (Waukesha) and Mitsubishi Metal Corporation (Mitsubishi) are willfully and wantonly infringing United States Letters Patents Nos. 4,222,-690 ("690") and 4,381,162 ("162") issued to Ryosuke Hosoi on September 16, 1980, and April 26, 1983, respectively. They allege that the defendants are selling drills embodying the patented invention, in violation of 35 U.S.C. § 281 and §§ 281–287.

On April 25, 1986, I issued a decision and order denying the defendants' motion for summary judgment of patent invalidity, pursuant to Rule 56(b), Federal Rules of Civil Procedure. The defendants now move for certification of an immediate appeal from that order, pursuant to 28 U.S.C. § 1292(b). Alternatively, they have moved for reconsideration of the court's April 25, 1986, ruling. Both motions will be denied.

Toshiaki Hosoi is the father of Ryosuke Hosoi. It is undisputed that Toshiaki Hosoi signed the original application for the rotary drill patent in Ryosuke Hosoi's name, listing the latter as the sole inventor thereof. *See* the declarations of Ryosuke Hosoi and Toshiaki Hosoi submitted in support of plaintiffs' motion to correct the named inventorship of the patents-in-suit, at p. 2. Seizing on this disclosure, the defendants moved for summary judgment of patent invalidity on the ground that the applications from which the "690" and "162" patents derived were never duly and properly executed, signed, and filed by Ryosuke Hosoi, the named inventor, in accordance with 35 U.S.C. §§ 111 and 115, 37 C.F.R. §§ 1.41, 1.57, and 1.65.

Despite Ryosuke Hosoi's failure personally to attest to the original patent application, I ruled that the absence of any allegation or proof of fraud, intent to mislead the Patent Office, or other inequitable conduct on the part of the Hosois in procuring the patents-in-suit precluded invalidation of the patents. The error cited, I held, concerned a matter of form, not substance, was inadvertently and mistakenly made, and did not involve a misrepresentation but for which the "690" and "162" would not have issued. *See* my decision and order of April 25, 1986, at pp. 5–7 and accompanying citations.

The defendants now contend, as they did in their unsuccessful summary judgment motion, that no showing of fraud on the Patent Office or other inequitable conduct on the part of the Hosois need be shown in order to strike the original application thereby invalidating the patents-in-suit. They claim that the error is one of substance, not form, and that it voids the patents-in-suit ab initio.

Under 28 U.S.C. § 1292(b), a district judge may certify an interlocutory order for immediate appeal if (1) "such order involves a controlling question of law;" (2) "there is a substantial ground for difference of opinion" on the question; and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation." "In every application under § 1292(b) the [movant] has the burden of persuading the court ... that exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *Fisons Limited v. United States*, 458 F.2d 1241, 1248 (7th Cir.), *cert. denied*, 405 U.S. 1041, 92 S.Ct. 1312, 31 L.Ed.2d 581 (1972) *see also Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475, 98 S.Ct. 2454, 2461, 57 L.Ed.2d 351 (1978).

Under *In re Cement Antitrust Litigation* (MDL No. 296), 673 F.2d 1020, 1026 (9th Cir.1982) (as amended), *aff'd mem.*, 459 U.S. 1190, 103 S.Ct. 1173, 75 L.Ed.2d 425 (1983), an interlocutory order involves a controlling question of law where its resolution by the court of appeals "could materially affect the outcome of litigation in the district court." Clearly, resolution by the court of appeals of the question whether the alleged defect in the original patent application in this case ultimately requires invalidation of the ensuing patents could materially affect the outcome of litigation in this court. Therefore, the court's April 25, 1986, order involves a controlling question of law within the meaning of 28 U.S.C. § 1292(b).

It is also clear from the statutory and regulatory authorities relied on by the defendants that there exists a "substantial ground for difference of opinion" on the question. However, I am not persuaded that immediate appellate review may "materially advance the ultimate termination of the litigation."

Trial to the court in this case is scheduled to begin on September 22, 1986, at 9:00 A.M., less than two months hence. Assuming that the trial goes forward as planned, takes a week to complete, and the court were to enter a final judgment in favor of the plaintiffs, a consolidated appeal on all claims could be taken before the end of this year.

On the other hand, an immediate piecemeal appeal from the court's interlocutory order "may actually impede rather than expedite, the conclusion of the entire case." *Fisons Limited, supra*, 458 F.2d at 1248. The defendants urge that the trial now set for September 22 be stayed pending resolution of an interlocutory appeal. If that appeal is unsuccessful, however, trial and hence resolution of the plaintiffs' claims will have been needlessly and extensively delayed. The possibility that the court of appeals may resolve an immediate appeal in the defendants' favor sooner than it could decide a post-trial appeal does not, by itself, "justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *Id.* I find no "exceptional circumstances" to warrant an expedited appeal. *See also Richardson-Merrell, Inc. v. Koller*, — U.S. —, 105 S.Ct. 2757, 2764, 86 L.Ed.2d 340 (1985), holding that "the possibility that a ruling may be erroneous and may impose additional litigation expense is not sufficient to set aside the finality requirement imposed by Congress."

The defendants' alternative motion for reconsideration will also be denied. Their entreaties to the contrary, I persist in my ruling dated April 25, 1986, and remain convinced that fraud on the Patent Office or some other type of inequitable conduct on the part of the patentees must be shown in order to strike a patent application and invalidate the ensuing patent. The "rigid application" of the patent laws urged by the defendants, under the circumstances of this case, would frustrate "the public interest in the encouragement of candor and honesty, and in disclosing [an] innocent harmless error" such as that disclosed by the Hosois in their declarations of record. *See A.F. Stoddard & Co., Ltd. v. Dann*, 564 F.2d 556, 565 (D.C.Cir.1977).

Therefore, IT IS ORDERED that the defendants' motion for certification, pursuant

to 28 U.S.C. § 1292(b), be and hereby is denied.

IT IS ALSO ORDERED that the defendants' alternative motion for reconsideration be and hereby is denied.