In the Matter of OCEAN PROPERTIES OF DELAWARE, INC., Debtor.

In re SOUTHERN SHORES INVESTMENTS CORP., Debtor.

Bankruptcy Nos. 88–506, 88–505.

United States Bankruptcy Court, D. Delaware.

Oct. 27, 1988.

Pincus, Bressler, Hahn, Reich & Weinberg, Philadelphia, Pa., for debtors.

Jay L. Gottlieb (Bruce J. Zabarauskas, on the brief) Haythe & Curley, New York City, for Global Financial Corp.

Murray B. Weil, Shapiro and Weil, Miami Beach, Fla., for movant—Friedman.

Michael B. Joseph, Preistly and Joseph, Wilmington, Del., for movant—Plewinski.

---

### BENCH DECISION FOLLOWING HEARING ON MOTION FOR CHANGE OF VENUE

HELEN S. BALICK, Bankruptcy Judge.

Ocean Properties of Delaware, Inc. and Southern Shores Investments Corp. filed Chapter 11 cases in the District of Delaware on September 28, 1988. On October 12, the Debtors filed motions for joint ad-

ministration. There is an objection to that motion in each case as well as two motions seeking transfer of the Ocean Properties case to the Southern District of Florida. In addition to the affidavit presented this morning, I take judicial notice of Debtors' schedules and statements of affairs filed in each case with the court on October 24.

Since the Debtors are Delaware corporations, venue in this District is proper under 28 U.S.C. § 1408. Venue is also proper in the Southern District of Florida in that both corporations carry on their respective businesses at 1250 Ocean Drive and 1220 Ocean Drive, Miami Beach, and all assets are located at those two addresses.

When venue is proper, the debtor's choice of forum is entitled to "great weight". On the other hand, a transfer motion under § 1412 of title 28 United States Code requires balancing this factor with several others. Those factors are the proximity of the court to interested parties as well as the location of assets, the economics of administering the estate and the relative economic harm to debtor and other interested parties.

We must first identify the interested parties and the location of Debtors' assets. The Debtor Ocean Properties is in the hotel, real estate management and sales business at 1250 Ocean Avenue, Miami Beach. The Debtor Southern Shores is in the business of property management at 1220 Ocean Avenue, Miami Beach. The last address is that of the Tides Hotel, which is the property of Ocean Properties along with its furnishings. Ocean Properties also owns the Molnar Apartments located at 1221 Collins Avenue, Miami Beach. Southern Shores, the wholly owned subsidiary of Ocean Properties, is the owner of telephone and television equipment and holds accounts receivables. Its schedules indicate that the business is carried on in Florida. Thus, the inference can be drawn that the location of equipment and situs of accounts receivable is Florida.

With the exception of its president, David G. Hellhake, who resides in West Chester, Pennsylvania, the other officers of each Debtor are residents of Florida. The Debtors' accountant who is also a creditor is located in New Jersey as are the books and records of the Debtors. Global Financial Corporation, the 100% shareholder of

Ocean Properties, has addresses in both Florida and Pennsylvania.

Ocean and Southern's scheduled tax creditors, totaling four in number, are in Florida with the exception of the IRS. It is scheduled with a Georgia address. Ocean's secured and unsecured creditors total 12. Nine of the 12 are listed as secured mortgage debt. Seven of the nine are disputed Florida claimants. Of the three unsecured creditors, two are in Florida and the third has a California address and is disputed. Southern lists 20 unsecured creditors, 15 being located in Florida. The other five being located two in Philadelphia, one in Pittsburgh, one in Cherry Hill, New Jersey and one in Atlanta. One of the Philadelphia claimants is Global Financial Corporation, the 100% stockholder of Ocean. Global is listed as one of the larger of Ocean's unsecured creditors and is also listed for an unknown amount in Southern's case. The other Philadelphia creditor shares the same address as Global. The New Jersey creditor listed on Southern's schedules is Howard Dudnick, CPA, who is the accountant for both Debtors.

The total secured debt scheduled by Ocean is $2,849,289.57. Of that amount, $1,830,289.57 is disputed. The collateral for disputed debt, as well as undisputed debt, is either the Tides Hotel, Molnar Apartments or both. The disputed unsecured claim is that of Financial Corporation of America of California in the amount of $400,000. There is litigation in Florida in which Ocean and FCA are parties but counsel's representation that Ocean and FCA are not directly litigating has not been refuted.

Southern's disputed secured claim deals with a financing statement with respect to the telephone and television equipment. As I earlier concluded, that property is in Florida.

Thus, the majority of creditors in number, amount and unrelated to the Debtors are Florida claimants and the locale of all assets is Florida. Applying these facts to the factors which must be considered in balancing the Debtors' choice of forum, it is clear that the scales tip in favor of a Florida forum.

It would be more economical to administer the estate in Florida. The greater portion of applicable non-bankruptcy law is that of Florida. The disputed claims will undoubtedly result in litigation. The collateral for those claims is in Florida. Witnesses other than the Debtors' president, and perhaps others who are related to the Debtors and who may be insiders, are located in Florida. There would be the cost of bringing witnesses to Delaware and difficulties with service of process.

Moving these cases through a Delaware court would result in not only a waste of judicial time in becoming acquainted with Florida law but also a waste of Debtors' resources. There would be the expense of paying two or more sets of counsel. Local rules require local counsel. Local counsel must sign all pleadings and stand charged with certifying as to their content. This, even if local counsel did not actively participate in litigation, would result in duplication of attorney time and expenses.

The majority of creditors holding undisputed claims are in Florida. Creditors not holding disputed claims have a great interest along with those who do in the administration of a Chapter 11 case. For example, all creditors have the right to attend a 341 meeting and to participate in creditor activities. Neither Ocean's creditors nor Southern's creditors should be put to the expense of having to travel to Delaware in order to participate in these reorganizations.

The Debtors' president may be inconvenienced, but he has previously performed duties concerning these Debtors from his Pennsylvania location. He is not prohibited from continuing to so operate should he wish to do so. From his point of view these cases could be more conveniently administered in this court but ordinary duties such as the filing of financial reports and seeking financing can be accomplished just as easily with the cases in Florida. Moreover, it is likely that administrative activities will include, among other things, motions under § 363 or § 364 of title 11. While creditor participation may not be re-

quired, it is certain that there would be creditor involvement. The cost to Debtors is considerably less than the total cost other interested parties would have to incur to participate in these reorganizations.

I am aware there is no change of venue motion in the Southern Shores' case and that I have not spoken to the joint motion of Debtors for joint administration. But, I have concluded that transfer of both cases would be in the best interests of justice and convenience of the parties. Having reached that decision, the joint motion should be heard by the Florida court, but I have considered it in connection with transferring the Southern Shores' case along with the Ocean Properties' case. The Debtors have shown by their joint motion the close relationship of the two entities. The schedules and statements of each reflect, for lack of a better word and for only the matters before the court today, the "interrelationship" of these Debtors.

■ Ocean Properties should not prevail on its argument that as an affiliate of Southern Shores it should remain in the Delaware court. Southern Shores as an affiliate of Ocean Properties should follow that case. Bankruptcy Rule 1014(a) cannot override § 105(a) of the Code which provides for the court, *sua sponte*, to issue any order or judgment necessary or appropriate to carry out the provisions of title 11. The court would abuse its discretion with a resultant abuse of process if it did not direct the transfer of Southern Shores inasmuch as failure to do so would result in additional litigation over the issues addressed by counsel and decided by the court today.

Therefore, an order will be entered that:

1. Freidman's motion for transfer based on improper venue is denied.
2. Plewinski's motion for change of venue under 28 U.S.C. § 1412 is granted.
3. The case of Southern Shores is transferred to Florida under 11 U.S.C. § 105(a).