**Richard D. ELLENBERG, Trustee, Appellant,**

v.

**J.W. BOULDIN and Phillis F. Bouldin, Appellees.**

**Civ. A. No. 1:90–CV–178–HTW.**

United States District Court, N.D. Georgia, Atlanta Division.

March 16, 1991.

**852**

Richard D. Ellenberg, pro se.

Jay W. Bouldin, pro se.

## ORDER

HORACE T. WARD, District Judge.

This matter is currently before the court on the Bankruptcy Judge's Order and Recommendation. The Bankruptcy Judge has recommended that this court withdraw the reference of this proceeding in order to provide the parties with a court of unquestioned jurisdiction to try this matter before a jury. The Trustee seeks review of the Bankruptcy Judge's Order and Recommendation.

### BACKGROUND

The Trustee brought this adversary action seeking to set aside an allegedly fraudulent or preferential transfer of real property. Defendant Phillis Bouldin demanded a trial by jury. On June 12, 1988, the Bankruptcy Court denied that demand.

During the October, 1989 term, the United States Supreme Court decided the case of *Granfinanciera, S.A. v. Nordberg (In re: Chase Y Sandborn Corp.)*, 492 U.S. 33, 109 S.Ct. 2782, 106 L.Ed.2d 26 (1989) holding that a

> ... person who has not submitted a claim against a bankruptcy estate is entitled to a jury trial when sued by the trustee in bankruptcy to recover allegedly fraudulent monetary transfer.

109 S.Ct. at 2787. However, the Supreme Court left the issue of which court is empowered to conduct the jury trial unanswered. *Granfinanciera*, 109 S.Ct. at 2794–95.

Pursuant to *Granfinanciera*, Phillis Bouldin renewed her demand to a jury trial. While the Bankruptcy Court was receiving briefs on the issue of whether the Bankruptcy Court is empowered to conduct jury trials on the issues present in this case, the Trustee recommended that the Bankruptcy Court should request withdrawal of the reference. The defendants contended that the Bankruptcy Court is empowered to conduct such trials.

In ruling on the renewed jury demand, the Bankruptcy Judge recommended that this court withdraw the reference of this case to the Bankruptcy Court. The decision is supported by the Bankruptcy Judge's detailed Memorandum of Opinion which describes in detail the current law on the issue. The court finds the Bankruptcy Judge's Memorandum Opinion persuasive.

After a careful, *de novo*, review of the entire record and the law, the court ADOPTS the reasoning of the Bankruptcy Judge and WITHDRAWS THE REFERENCE OF THIS PROCEEDING TO THE BANKRUPTCY COURT pursuant to 28 U.S.C.A. § 157(d); L.R. 265–1.

SO ORDERED.

United States Bankruptcy Court
Northern District of Georgia
Atlanta Division.

In the Matter of Jay W. Bouldin, Debtor.

Richard D. Ellenberg, as Trustee, Plaintiff,

v.

J.W. Bouldin and Phillis F. Bouldin, Defendants.

Bankruptcy Case No. A85–00262–ADK.

Adversary Case No. 86–0729A.

MEMORANDUM OF OPINION

A. DAVID KAHN, Bankruptcy Judge.

The above-styled adversary proceeding is before the Court on the "Restatement of Demand for Jury Trial by Defendant Phillis

F. Bouldin." The Court had previously denied Defendants' demand for a jury trial by Order entered June 13, 1988. Defendant Phillis F. Bouldin has now renewed her request for a jury trial based upon the recent United States Supreme Court case of *Granfinanciera, S.A. v. Nordberg (In re Chase & Sandborn Corp.)*, 492 U.S. 33, 109 S.Ct. 2782, 106 L.Ed.2d 26 (1989), in which the Court found that in a fraudulent or preferential transfer action, a defendant who had asserted no claim against the bankruptcy estate had a Seventh Amendment right to trial by jury.

In the instant complaint, Plaintiff–Trustee seeks to recover an alleged fraudulent or preferential transfer from the Defendants. These are both core proceedings pursuant to 28 U.S.C. § 157(b)(2). Defendant Phillis F. Bouldin has filed no claim against the bankruptcy estate. Plaintiff–Trustee agrees that Defendant Phillis F. Bouldin has a right to a jury trial in this matter. The only controversy is in which forum will the jury trial be held. The Court requested briefs from the Parties on this issue. Plaintiff–Trustee asserts that the jury trial should be held in the district court. Defendant, on the other hand, contends that the bankruptcy court can conduct the jury trial. The following issue is presented by this proceeding: Does the bankruptcy court have authority to conduct a jury trial in a core proceeding where the parties have not so consented?

This issue was touched on by the Supreme Court in *Granfinanciera*. However, the Court declined to determine the issue. In doing so, it stated

> We are not obliged to decide today whether bankruptcy courts may conduct jury trials in fraudulent conveyance suits brought by a trustee against a person who has not entered a claim against the estate, either in the rare procedural posture of this case, see *supra*, [109 S.Ct.] at 2789, n. 3, or under the current statutory scheme. See 28 U.S.C. § 1411 (1982 ed., Supp. IV). Nor need we decide whether, if Congress has authorized

bankruptcy courts to hold jury trials in such actions, that authorization comports with Article III when non-Article III judges preside over them subject to review in or withdrawal by the district courts. We also need not consider whether jury trials conducted by a bankruptcy court would satisfy the Seventh Amendment's command that "no fact tried by a jury, shall be otherwise re-examined in any Court of the United States, than according to the rules of the common law," given that district courts may presently set aside clearly erroneous factual findings by bankruptcy courts. Bkrtcy. Rule 8013.

109 S.Ct. at 2794–2795.

Therefore, once the right to a jury trial has been found to exist, the Supreme Court in *Granfinanciera* has left the following questions to be answered:

1. Has Congress authorized bankruptcy courts to hold jury trials?

2. If Congress has, does that authorization comport with Article III? and

3. Would a jury trial conducted by a bankruptcy court satisfy the requirements of the Seventh Amendment?

Each of these questions will be discussed separately below.

## I. CONGRESSIONAL AUTHORIZATION

There is no explicit authorization for bankruptcy courts to conduct jury trials.[1] In connection with the passage of the Bankruptcy Reform Act of 1978, Congress amended Title 28 of the United States Code to include § 1411, which provided that

> (a) Except as provided in subsection (b) of this section, this chapter and title 11 do not affect any right to trial by jury, in a case under title 11 or in a proceeding arising under title 11 or arising in or related to a case under title 11, that is provided by any statute in effect on September 30, 1979.

---

1. The Court notes that there is no statutory provision for the district courts to conduct jury trials either. However, perhaps the fact that they are Article III courts is of significance.

(b) The bankruptcy court may order the issues arising under section 303 of title 11 to be tried without a jury.

It is generally held that this section was repealed by the Bankruptcy Amendments and Federal Judgeship Act of 1984 which replaced it with § 1411. *See Granfinanciera,* 109 U.S. at 2789–2790, n. 3; *Huffman v. Perkinson (In re Harbour),* 840 F.2d 1165, 1178–1179 (4th Cir.1988). Section 1411 provides that

(a) Except as provided in subsection (b) of this section, this chapter and title 11 do not affect any right to trial by jury that an individual has under applicable nonbankruptcy law with regard to a personal injury or wrongful death tort claim.

(b) The district court may order the issues arising under section 303 of title 11 to be tried without a jury.

Thus, Congress has spoken to the right to trial by jury. In 28 U.S.C. § 157(b)(5), Congress provided that

The district court shall order that personal injury tort and wrongful death claims shall be tried in the district court in which the bankruptcy case is pending, or in the district court in the district in which the claim arose, as determined by the district court in which the bankruptcy case is pending.

Although from *Granfinanciera* we now know that the right to a jury trial in the context of a bankruptcy proceeding exists in matters other than personal injury and tort claims, it is significant that the only time Congress has addressed the issue it directed that the district courts conduct the jury trial.

Some courts have held that, because Congress was silent by enacting no direct prohibition of bankruptcy courts conducting jury trials, it intended bankruptcy courts to have the full power to do so. *See, e.g., Macon Prestressed Concrete Co. v. Duke (In re Macon Prestressed Concrete Co.),* 46 B.R. 727 (M.D.Ga.1985). However, when one reflects upon the system estab-

lished by Congress, it is apparent that it intended to create a specialized court to handle bankruptcy matters in an expedited and efficient manner. The system is not set up to handle lengthy jury trials. To introduce this method of litigation into the system would be at the expense of all other matters handled by the bankruptcy courts. This Court does not believe such a result was intended by Congress. Moreover, without an express statutory provision, this Court refuses to find that Congress has authorized the bankruptcy courts to conduct jury trials.

This finding should end inquiry into the issue before the Court. However, the Court recognizes that there is an emerging split in authority on the issue post-*Granfinanciera.* The following cases have found that bankruptcy courts can conduct jury trial: *Kroh Bros. Dev. Co. v. United Missouri Bank of Kansas City (In re Kroh Bros. Dev. Co.),* 108 B.R. 228 (W.D.Mo. 1989); *Perino v. Cohen (In re Cohen),* 107 B.R. 453 (S.D.N.Y.1989); *Citibank N.A. v. Park–Kenilworth Indus., Inc.,* 109 B.R. 321 (N.D.Ill.1989); *Hughes–Bechtol, Inc. v. Air Enter., Inc. (In re Hughes Bechtol, Inc.),* 107 B.R. 552 (Bankr.S.D.Ohio 1989). On the other hand, the following cases hold that bankruptcy courts cannot conduct jury trials: *Wilkey v. Inter–Trade, Inc. (In re Owensboro Distilling Co.),* 108 B.R. 572 (Bankr.W.D.Ky.1989); *Friedman v. Gold Advice, Inc. (In re Fort Lauderdale Hotel Partners, Ltd.),* 103 B.R. 335 (Bankr.S.D. Fla.1989).[2] Therefore, the other two issues will be discussed briefly below.

## II. RESTRICTIONS OF ARTICLE III

■ Article III of the Constitution provides, in part, that

The judicial Power of the United States, shall be vested in one supreme Court, and in such inferior Courts as the Congress may from time to time ordain and establish. The Judges, both of the supreme and inferior Courts, shall hold their Offices during good Behaviour, and

---

**2.** For an excellent discussion on the power of a bankruptcy court to conduct jury trials, see Gibson, *Jury Trials in Bankruptcy: Obeying the*

*Commandments of Article III and the Seventh Amendment,* 72 Minn.L.Rev. 967, 1027–1054 (1988).

shall, at stated Times, receive for their Services, a Compensation, which shall not be diminished during their Continuance in Office.

In the case of *Northern Pipeline Constr. Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982), the Supreme Court held that, in the Bankruptcy Reform Act of 1978, Congress had impermissibly granted to bankruptcy courts jurisdiction over bankruptcy-related state law actions thereby permitting non-Article III judges to exercise the judicial power of the United States.

The Court stated

the Act vests all "essential attributes" of the judicial power of the United States in the "adjunct" bankruptcy court.... [T]he bankruptcy courts exercise all ordinary powers of district courts, *including the power to preside over jury trials*, 28 U.S.C. § 1480 (1976 ed., Supp. IV), the power to issue declaratory judgments, § 2201, the power to issue writs of habeas corpus, § 2256, and the power to issue any order, process, or judgment appropriate for the enforcement of the provisions of Title 11, 11 U.S.C. § 105(a) (1976 ed., Supp. IV).

*Northern Pipeline*, 458 U.S. at 84–85, 102 S.Ct. at 2878 (emphasis added).

While it is true that there are other non-Article III courts which conduct jury trials, they are distinguishable from the situation of a bankruptcy court conducting a trial by jury. For example, the courts of the District of Columbia routinely conduct jury trials. However, those courts deal with cases arising under laws applicable only within the District of Columbia and are not exercising "the judicial power of the United States" to which Article III refers. *Palmore v. U.S.*, 411 U.S. 389, 410, 93 S.Ct. 1670, 1682–83, 36 L.Ed.2d 342 (1973). Federal magistrates also conduct jury trials, but only upon the consent of the parties. 28 U.S.C. § 636(c). The Court finds that, because the Supreme Court has indicated that presiding over a jury trial is one of the "essential attributes of judicial power," the conducting of a jury trial by a bankruptcy court would violate Article III of the Constitution.

## III. REQUIREMENTS OF THE SEVENTH AMENDMENT

■ The Seventh Amendment provides, in part, that

In Suits at common law ... the right of trial by jury shall be preserved, and no fact tried by a jury, shall be otherwise reexamined in any Court of the United States, than according to the rules of the common law.

Pursuant to the statutory scheme established by the Bankruptcy Amendments and Federal Judgeship Act of 1984, bankruptcy courts are permitted to enter final judgments in core proceedings. 28 U.S.C. § 157(b)(1). Such a judgment may be appealed to the district court for review. 28 U.S.C. § 158. The standard of review is set out in Bankruptcy Rule 8013, which provides that

On an appeal the district court ... may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings. Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses.

The Court finds that, in core proceedings, there is no violation of the requirement set forth in the Seventh Amendment. The district court is simply acting as an appellate court. Furthermore, if the clearly erroneous standard of review were to be found violative of the Seventh Amendment, Bankruptcy Rule 8013 would be declared unconstitutional. The Court notes, however, that in noncore matters the result would be different. In noncore matters where the parties have not consented to the entry of a final judgment, a bankruptcy court can only make proposed findings of fact and conclusions of law. 28 U.S.C. § 157(c)(1). The district court is required to review "de novo those matters to which any party has timely and specifically objected." *Id.* This standard of review in noncore matters can-

not be disregarded because it makes the handling of noncore matters by bankruptcy courts constitutional under Article III and the mandate of *Northern Pipeline.* Thus, the Seventh Amendment would be violated where a district court reviews de novo the verdict of a jury trial conducted by a bankruptcy court in a noncore proceeding.

■ Although the Court has found that presiding over a jury trial in a *core* proceeding by a bankruptcy court would not violate the Seventh Amendment, the problems regarding Congressional authorization and Article III remain. Because the Court has previously found that Congress has not authorized bankruptcy courts to conduct jury trials and that the conducting of jury trials by non-Article III bankruptcy courts would violate Article III of the Constitution, the Court concludes that it cannot conduct the jury trial to which Defendant Phillis F. Bouldin is entitled.

The Court does not relish finding that it lacks the jurisdiction to handle litigation properly before it. It has not reached this conclusion easily. However, the Court is convinced that it would be unfair to the litigants to compel them to participate in a jury trial which may very likely be set aside at some stage in the appellate process. Perhaps the district court would affirm a jury verdict from this Court, but it is very likely that the Court of Appeals or the Supreme Court would vacate such a judgment. The litigants before the Court deserve and have a right to a trial by jury presided over by a court of unquestionable competent jurisdiction. Until the United States Supreme Court speaks finally on this issue, the only court that meets this requirement is the district court. The Court will recommend that the reference be withdrawn in this proceeding by the district court so that the litigants may have their jury trial.

An appropriate Order is entered contemporaneously herewith.

At Atlanta, Georgia, this 19th day of January, 1990.

/s/ A.D. Kahn
A.D. KAHN
UNITED STATES BANKRUPTCY JUDGE

## ORDER AND RECOMMENDATION TO THE DISTRICT COURT FOR WITHDRAWAL OF REFERENCE

In accordance with the reasoning contained in the accompanying Memorandum of Opinion,

This Court hereby recommends to the district court that it withdraw the reference of this proceeding thereby providing the Parties with a court of competent jurisdiction to try this matter before a jury.

The Clerk of the bankruptcy court is hereby directed to submit this Order, Memorandum of Opinion, and the adversary file the district court for consideration thereof.

IT IS SO ORDERED.