In re EL PASO PHARM, INC., Debtor.

McKESSON CORPORATION, Plaintiff,

v.

EL PASO PHARM, INC. d/b/a City Discount Drugs, David Ontiveros, Simon Holguin, Laura Holguin, Manuel Hernandez, Jr. and Terry Lynn Hernandez, Defendants.

Bankruptcy No. 91–30500–C.
Adv. No. 91–3022.

United States Bankruptcy Court,
W.D. Texas,
El Paso Division.

July 29, 1991.

---

Leslie M. Luttrell, Ginnings Birkelbach Keith & Delgado, El Paso, Tex., for El Paso Pharm, Inc.

Hal F. Morris, Bernard D. Felsen, Scott, Hulse, Marshall, Feuille, Finger & Thurmond, P.C., El Paso, Tex., for McKesson Corp.

## DECISION ON MOTION TO REMAND

LEIF M. CLARK, Bankruptcy Judge.

CAME ON for hearing the motion of debtor to remand this proceeding to state court, and the response thereto of McKesson Corporation. The court enters this decision pursuant to 28 U.S.C. § 1452(b) as amended in 1990.[1]

McKesson originally filed this lawsuit in state court, prior to the bankruptcy petition, in an attempt to collect on promissory note. In that litigation, McKesson sought and obtained a prejudgment writ of sequestration, which it promptly exercised. Unable to get the writ dissolved, the debtor filed this bankruptcy. Debtor then filed an answer to the underlying suit, charging as a defensive matter that the note was usurious, entitling it to recover treble the usurious interest charged, forfeiture of the underlying principal, attorneys' fees, and demanded a jury. See Tex.Rev.Civ.Stat.Ann., art. 5069–1.06 (Vernon & Vernon Supp. 1990). McKesson then removed the state lawsuit to this court. The debtor responded by filing a motion for remand. The parties reached a standstill agreement on further pleadings or discovery in the litigation pending hearing on this motion.

The debtor maintains that it has additional affirmative counterclaims for common law fraud, lender liability, breach of the duty of good faith and fair dealing and the like, and adds that it is currently investigating potential actions under RICO and various state and federal antitrust statutes. It wants to return to state court to try these matters to judgment before a state court jury. The debtor adds that debtors have jury trial rights too, and that those rights should not be so easily defeated by the mere removal of a suit to bankruptcy court. The debtor raises numerous equitable arguments as well for why this case should be remanded, including that (1) the state court can reach the matter within seven months, (2) state law issues predominate, (3) McKesson itself chose the state law forum in the first instance, (4) the debtor prefers the state law forum, (5) there is no question of entitlement to a jury trial in state court on all issues which may be pleaded in the case, (6) the action could proceed even outside bankruptcy anyway, (7) the adjudication of the matter will only affect the parties to the litigation, and (8) the issues which are clearly non-core (though not yet pleaded) involve the same operative facts as does the usury issue, so that trying the entire case in one forum is a more efficient use of judicial resources.

McKesson counters that all that is currently on file is McKesson's suit on the note, which is now a claim against the bankruptcy estate (a proof of claim was filed just one week before the hearing on

---

1. Congress amended Section 1452(b) to clarify that appeals from remand orders to the district court were permitted. In so doing, Congress effectively overrode the provisions of Bankruptcy Rules 9027 and 9033 mandating a report and recommendation on such motions in the bankruptcy court. The Judicial Conference, in recognition of this change, has proposed dropping the report and recommendation procedure from the new Federal Rules of Bankruptcy Procedure, which are slated to become effective August 1, 1991.

this motion), and the debtor's usury defenses to that claim. Thus, argues McKesson, the suit is mere claims litigation well within the core jurisdiction of this court, and well outside the Seventh Amendment entitlement to a jury trial. *See Langenkamp v. Culp,* — U.S. —, 111 S.Ct. 330, 112 L.Ed.2d 343 (1990), *reh'g denied,* 112 U.S. 343, 111 S.Ct. 721, 112 L.Ed.2d 709 (1991). McKesson also points out that, under the Seventh Amendment, there is no constitutionally protected right to a trial by jury growing solely out of a party's *defense* to an action.[2] Responding to the equitable grounds for remand urged by the debtor, McKesson counters that this court could adjudicate this claim far more efficiently and quickly than could the state court, and that delay only prejudices McKesson and other creditors of the estate. McKesson also charges that this court has already held that the exclusive locus for claims administration is the federal court, citing this court's decision in *In re Fairchild Aircraft Corporation,* 4 Tex.Bankr.Ct. Rep. 312, 1990 WL 119650 (Bankr.W.D.Tex. 1990), *recommendation adopted,* slip op. (W.D.Tex.1990).

## ANALYSIS

At the forefront of this dispute are the parties' arguments about a *debtor's* Seventh Amendment rights, focusing on whether a bankruptcy court can accommodate a jury trial on the kinds of matters likely to be tried in this case. These questions in turn raise the question whether it matters that the matters at issue are "core" matters or "related proceedings," and whether the state court can hear core matters such as claims litigation. Closer examination of these issues reveals that none of them are dispositive. We look first at the jury trial issue, then turn to the authority of state courts to hear claims litigation.

### A. *Jury trials*

Debtor insists remand is essential because (a) it is entitled to a jury trial, and (b) this court will not be able to give the debtor such a trial. The second premise is faulty, and the argument thus fails.[3]

■ The conduct of a jury trial is not, of itself, an essential incident of an Article III tribunal. *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.,* 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982); *M & E Contractors v. Kugler–Morris General Contractors,* 67 B.R. 260, 266 (N.D.Tex.1986); *Citibank, N.A. v. Park–Kenilworth Industries, Inc.,* 109 B.R. 321, 329 (N.D.Ill.1989); *see also Ellenberg v. Bouldin,* 125 B.R. 851, 855 (N.D.Ga.1991) (noting that there are other non–Article III courts which conduct jury trials but concluding bankruptcy courts lack such power); *Matter of Hughes–Bechtol, Inc.,* 107 B.R. 552, 571 (Bankr. S.D.Ohio 1989) (citing *In re G. Weeks Securities, Inc.,* 89 B.R. 697, 715 (Bankr. W.D.Tenn.1988)). It may be for this reason that the Supreme Court denied *certiorari* in *Ben Cooper* this last term. *In re Ben Cooper, Inc.,* 924 F.2d 36 (2d Cir.1991), *cert. denied,* — U.S. —, 111 S.Ct. 2041, 114 L.Ed.2d 126 (1991) (bankruptcy court permitted to conduct jury trials in core proceedings).

■ Moreover, the conduct of a jury trial in a related proceeding does not offend the Seventh Amendment's prohibition on re-trying issues tried to a jury.[4] This second point of course builds on the first. Absent an Article III impediment to the conduct of a jury trial, the only remaining objection

---

**2.** The court doubts the truth of this assertion. *See Local No. 391 v. Terry,* 494 U.S. 558, 110 S.Ct. 1339, 108 L.Ed.2d 519 (1990); *Lee Pharmaceuticals v. Mishler,* 526 F.2d 1115, 1116 (2nd Cir.1975); *In re Data Compass Corp.,* 92 B.R. 575 (Bankr.E.D.N.Y.1988). However, the court need not reach the issue as it is not dispositive.

**3.** Of course, a claimant has no right to a jury trial in claims litigation in bankruptcy. *Langenkamp v. Culp,* — U.S. —, 111 S.Ct. 330, 112

L.Ed.2d 343 (1990). Because of our disposition of this matter, we need not decide whether a *debtor* has such a right.

**4.** The court does not here suggest that this litigation is a related proceeding. *See In re Revco D.S., Inc.,* 99 B.R. 768, 776 (Bankr.N.D.Ohio 1989); *see also* note 5, *supra,* criticizing that decision.

must be that the statutory framework by which bankruptcy judges conduct trials on related proceedings would of necessity require the retrial of issues already decided by the bankruptcy court's jury, in derogation of the Seventh Amendment.

In *Ford v. Estelle,* the Fifth Circuit held that the *"de novo* determination" requirement imposed on district judges by the Magistrates Act meant that a jury trial could not be conducted by a magistrate judge absent consent and waiver by the parties. The court reasoned that district judges were required by the statute to review the entire record as a trial court, making their own credibility decisions and factual findings. Such a review could not co-exist with the Seventh Amendment's restriction on retrial of issues decided by a jury. 28 U.S.C. § 636(b); *Ford v. Estelle,* 740 F.2d 374, 380 (5th Cir.1984).

The counterpart section with respect to trials before bankruptcy judges is 28 U.S.C. § 157(c). That statute is worded in a subtely different but legally significant way:

> A bankruptcy judge may hear a proceeding that is not a core proceeding but that is otherwise related to a case under title 11. In such proceeding, the bankruptcy judge shall submit proposed findings of fact and conclusions of law to the district court, and any final order or judgment shall be entered by the district judge after considering the bankruptcy judge's proposed findings and conclusions and *after reviewing de novo those matters to which any party has timely and specifically objected.*

28 U.S.C. § 157(c)(1) (emphasis added). The highlighted language demonstrates that the scope of review of bankruptcy court decisions in related proceedings is not broad and mandatory, as it is under the Magistrates Act, but rather is limited to "those matters to which any party has timely and specifically objected." *Id.*

The Seventh Amendment states that "no fact tried by a jury, shall be otherwise re-examined in any Court of the United States, *than according to the rules of the common law."* U.S. Const. amend. VII. This court is obligated to construe federal enactments so as to avoid constitutional issues if possible. The obligation is to interpret statutes, if reasonably possible, in such a fashion as to be consistent with the Constitution, and to avoid finding a statute unconstitutional unless there is no reasonable construction of the statute that could lead to anything but that conclusion. *Jean v. Nelson,* 472 U.S. 846, 854–55, 105 S.Ct. 2992, 2996–97, 86 L.Ed.2d 664 (1985); *Commodity Futures Trading Commission v. Schor,* 478 U.S. 833, 841, 106 S.Ct. 3245, 92 L.Ed.2d 675 (1986); *M & E Contractors,* 67 B.R. at 264.

The very limited form of *de novo* review directed by Section 157(c)(1) is congruent with the procedure employed by district courts in reviewing and ruling on motions for new trial and motions for judgment notwithstanding the verdict. *See* Fed. R.Civ.P. 50, 59. Both of these procedural devices were themselves "rules of the common law" at the time of the enactment of the Seventh Amendment in 1791.[5] *See generally, Blount Brothers Corp. v. Reliance Insurance Company,* 370 F.2d 733, 739 (5th Cir.1967), *cert. denied,* 387 U.S. 907, 87 S.Ct. 1689, 18 L.Ed.2d 627 (1967); *Matter of Hughes–Bechtol, Inc.,* 107 B.R. 552, 571 (Bankr.S.D.Ohio 1989); 9, 11 Wright & Miller, *Federal Practice and Procedure,* §§ 2522, 2801 (respectively) (1971). Thus, Section 157(c)(1), when conservatively interpreted in conformity with the directives of the Supreme Court in *Schor,* does not, by its operation, violate the Seventh Amendment when the bankruptcy judge accords parties a jury trial to which they may be entitled regardless whether the matter is core or non-core.

■ The fact that the debtor may be entitled to a jury trial does not, therefore, mandate remanding this case to state court

---

**5.** Even if the bare language of Section 157(c)(1) purported to permit a district judge to extend his or her review beyond the parameters set by Rules 50 and 59, that judge would be bound by the same principle of preserving the constitu-tionality of statutes to apply the statute consistent with the scope of those rules. *Lust v. Clark Equipment Company, Inc.,* 792 F.2d 436, 438 (4th Cir.1986).

on the theory that otherwise the debtor will be deprived of its right to such a jury trial. Nor is the debtor's jury entitlement placed in issue solely by whether this is a core or a non-core proceeding. The jury issue thus turns out to be a stalking horse insofar as whether this case should be remanded to state court.

### B. *Authority to adjudicate claims litigation*

McKesson argues the motion to remand must be denied because the state court has no authority to enter dispositive orders involving claims adjudications such as this. McKesson adds that claims litigation falls squarely within the core administration of the bankruptcy case, over which the bankruptcy judge has the exclusive duty to rule. McKesson relies on the broad language in *In re Fairchild Aircraft Corporation, supra,* where this court, quoting such venerable authorities as *Katchen v. Landy,* 382 U.S. 323, 86 S.Ct. 467, 15 L.Ed.2d 391 (1966) and *Pepper v. Litton,* urged that the bankruptcy court is the right place to adjudicate claims. *Id.* at 317. Unfortunately, the *Fairchild* decision included a quote from *Pepper v. Litton* to the effect that "bankruptcy courts have exclusive jurisdiction over the liquidation and allowance of bankruptcy claims ..." *Id., citing Pepper v. Litton,* 308 U.S. 295, 304, 60 S.Ct. 238, 244, 84 L.Ed. 281 (1939).

■ Much has happened in the area of jurisdiction since the Supreme Court wrote on the matter in *Pepper v. Litton* in 1939. Today, Section 1334(b) of Title 28 defines the jurisdiction of the district courts (and, by virtue of Section 157, the bankruptcy courts) over matters arising in, arising under, or related to a bankruptcy case as original *but not exclusive.* 28 U.S.C. § 1334(b). Without a doubt, the bankruptcy court is indeed the *preferred* locale for adjudicating claims, but it is no longer the *exclusive forum.* A nonbankruptcy tribu-

nal therefore has the jurisdiction to hear and determine the allowance or disallowance of a claim. *See, e.g., Securities & Exchange Comm. v. First Fin. Group of Texas,* 645 F.2d 429, 439 (5th Cir. Unit A 1981); *In re Orr,* 99 B.R. 109, 110 (Bankr. S.D.Fla.1989); *In re Pierce,* 95 B.R. 154, 157 (Bankr.N.D.Cal.1988).

■ Does this mean that parties are free to pursue their claims adjudication in state court? Certainly not. Such a pursuit would of course violate the automatic stay. 11 U.S.C. § 362(a)(1). In the usual case, the claimant seeking to pursue such a state court adjudication seeks relief from the stay. If they fail to convince the court to lift the stay, it is usually not because of jurisdiction. Instead, they are usually unable to satisfy the bankruptcy judge that the state court litigation will be as fast, as inexpensive, or as fair to the estate as would the claims allowance process in the bankruptcy court itself. Often, too, the bankruptcy court is worried about uniformity of decision within the bankruptcy case, often endangered if the claims allowance process is surrendered to other courts. *See generally In re Castlerock Properties,* 781 F.2d 159, 163 (9th Cir.1986); *In re Chateaugay Corp.,* 111 B.R. 67, 75–76 (Bankr.S.D.N.Y.1990); *In re Marie Pastor's Morningstar Management, Ltd.,* 109 B.R. 58, 61 (Bankr.S.D.N.Y.1990); *In re UNR Industries, Inc.,* 54 B.R. 263, 265–66 (Bankr.N.D.Ill.1985); *see also Bishop v. Geno Designs, Inc.,* 631 S.W.2d 581, 583 (Tex.App.—Tyler 1982, no writ) (bankruptcy filing does not divest state court of jurisdiction over action); *but see In re Revco D.S., Inc.,* 99 B.R. 768, 776 (Bankr. N.D.Ohio 1989).[6]

■ Significantly, it is seldom the *debtor* who is wanting to go to state court to litigate a claim. It is usually the creditor. The automatic stay will not preclude the debtor's pursuit of state court litigation of a given claim, and the debtor here obviously consents to the claimant's pursuit of the

---

6. There is serious question about the correctness of the *Revco* decision, as that court decided that principles of mandatory abstention applied to an action initiated by a claimant against the debtor prior to bankruptcy. *Id.* at 776. The court premised its conclusion on its finding that the action was a "related proceeding" rather than a core matter. That is clearly not correct. *See* 28 U.S.C. § 157(b)(2)(B). The court's lifting of the stay, however, was nonetheless justified on grounds that the state court could more expeditiously resolve the claims litigation.

claim as well. The usual concerns about letting state courts decide claims allowance issues are not for the most part present when it is the debtor who wants to go to state court. Indeed, if anything, the decision of this court in *In re Fairchild Aircraft Corporation* supports the general notion that the debtor ought to be able to choose in what forum litigation involving the estate ought to proceed. *In re Fairchild Aircraft Corp.*, 4 T.B.C.R. at 314–15; *cf. Matter of Ocean Properties of Delaware, Inc.*, 95 B.R. 304, 305 (Bankr.D.Del. 1988) ("when venue is proper, the debtor's choice of forum is entitled to great weight"); *In re Fairfield Puerto Rico, Inc.*, 333 F.Supp. 1187, 1190 (D.Delaware 1971).

Thus, the issue of claims adjudication also turns out to be a stalking horse. The matter can as easily be tried in state court as in federal court.

C. *Equitable considerations*

■ This brings us then to what should be the true substance of any decision on remand—what are the equities of the case? *See Browning v. Navarro*, 743 F.2d 1069, 1076 n. 21 (5th Cir.1984). We have earlier outlined some of the equitable considerations presented by this case. McKesson chose the state court forum in the first place and so has little cause to complain about suffering the consequences of that decision (i.e., a jury trial on issues of usury, fraud, lender liability and the like). The court also notes that state law issues predominate. In addition, it is unlikely that this court could reach the adjudication of these issues any more quickly than could the state court, especially given that the debtor wants a jury trial. The debtor, finally, has elected the state court forum, a choice which this court is inclined to honor, for the reasons earlier explained in *In re Fairchild Aircraft Corporation, supra.*

For all of these reasons, the motion to remand should be granted. An order consistent with this decision will be entered.