**In re BAKER & GETTY FINANCIAL SERVICES, INC., et al., Debtors.**

**Carl D. RAFOTH, Trustee, Plaintiff–Appellee/Cross–Appellant,**

v.

**NATIONAL UNION FIRE INSURANCE COMPANY, Defendant–Appellant/Cross–Appellee.**

**Nos. 91–3228, 91–3271 and 91–3445.**

United States Court of Appeals, Sixth Circuit.

Argued Oct. 29, 1991.

Decided Jan. 24, 1992.

Daniel R. Swetnam (argued and briefed), Russell A. Kelm and Marion H. Little, Jr., Schwartz, Kelm, Warren & Rubenstein, Columbus, Ohio, and D. Keith Roland, Flask, Policy, Weimer & White, Youngstown, Ohio, for Carl D. Rafoth.

Richard M. Markus (argued and briefed) and Robert Wavrek, Porter, Wright, Morris & Arthur, Cleveland, Ohio, for Nat. Union Fire Ins. Co.

Before NORRIS and SILER, Circuit Judges, and WELLFORD, Senior Circuit Judge.

SILER, Circuit Judge.

Plaintiff/Appellee/Cross–Appellant, Carl D. Rafoth, Trustee, seeks a declaratory judgment of coverage and payment under a fidelity bond. The bankruptcy court decided that this adversary proceeding was a "core" proceeding and defendant was not entitled to a jury trial (the "Bankruptcy Order"). 88 B.R. 137. After a bench trial, plaintiff was awarded $500,000.00 under the fidelity bond. Defendant/Appellant/Cross–Appellee, National Union Fire Insurance Company, appealed. The district court agreed that this adversary proceeding was a core proceeding,[1] but it vacated the Bankruptcy Order in part and remanded this adversary proceeding for a jury trial[2] in the bankruptcy court[3] (the "District Order"). Defendant appealed, and plaintiff cross-appealed. Then, the district court amended the District Order to include an interlocutory appeal certification under 28 U.S.C. § 1292(b).[4] We conditionally granted permission for an interlocutory appeal of the District Order, reserving the issue of whether 28 U.S.C. § 158(d) exclusively governs our jurisdiction over this appeal for scrutiny with the merits. In addition to the jurisdictional issue, two other significant issues are before this court. The first is whether defendant is entitled to a jury trial, and the second is whether bankruptcy courts may conduct jury trials. As these are all legal issues, they will be

---

**1.** The district court cited 28 U.S.C. § 157(b)(2)(A) (estate administration matters), (E) ("orders to turn over" estate property).

**2.** The district court relied on *Granfinanciera, S.A. v. Nordberg,* 492 U.S. 33, 40–49, 109 S.Ct. 2782, 2789–94, 106 L.Ed.2d 26 (1989).

**3.** The district court followed *Ben Cooper, Inc. v. The Ins. Co. of the State of Penn. (In re Ben Cooper, Inc.),* 896 F.2d 1394, 1402–03 (2d Cir.), *cert. granted,* — U.S. —, 110 S.Ct. 3269, 111 L.Ed.2d 779, *vacated and remanded,* — U.S.

—, 111 S.Ct. 425, 112 L.Ed.2d 408 (1990), *reinstated,* 924 F.2d 36, *cert. denied,* — U.S —, 111 S.Ct. 2041, 114 L.Ed.2d 126 (1991).

**4.** The district court amended its original order with findings that: (1) this action "involves a controlling question of law to which there is substantial ground for difference of opinion...."; (2) "an immediate appeal from the order may materially advance the ultimate determination of the litigation"; and (3) "there is no just reason for delay in the entry of this judgment or its appeal."

reviewed *de novo. See Burke v. United States,* 929 F.2d 1119, 1121 (6th Cir.), *cert. granted,* —— U.S. ——, 112 S.Ct. 47, 116 L.Ed.2d 25 (1991). For the following reasons, we REVERSE the district court in part and REMAND this adversary proceeding for a jury trial in the district court.

## I

On September 17, 1986, Baker & Getty Securities, Inc. ("B & G"), submitted an application and the premium for thirteen months of fidelity bond coverage under a national group bond program underwritten by defendant. As the annual renewal date for all program participants is November 1, defendant issued a fidelity bond to B & G for October, 1986. On September 30, 1986, defendant sent B & G a letter stating:

> Please complete and sign the self-rating renewal application and return it with your check for the full annual premium.... Also, please note that to renew coverage, the insurance company must have both the updated application and your payment no later than November 1, 1986.

B & G submitted the fidelity bond application to defendant, and it retained B & G's premium for the next year.

On November 5, 1986, B & G discovered that one of its employees had defrauded several B & G customers of more than $3,500,000.00. On January 22, 1987, three of the defrauded individuals filed an involuntary petition against B & G and its affiliates.[5] B & G did not contest the petition, and in February, 1987, an Order for Relief was entered and plaintiff was appointed trustee.

Late in May, 1987, plaintiff discovered that the fidelity bond's declaration page, issued on May 14, 1987, indicated that it covered all losses discovered between November 1, 1986, and October 31, 1987. Plaintiff immediately notified defendant of the loss and mailed a formal proof of loss to it on September 28, 1987. Defendant failed to respond to the proof of loss.

## II

Under the majority view, 28 U.S.C. § 158(d) exclusively governs circuit court jurisdiction over bankruptcy proceedings which originate in bankruptcy court.[6] One circuit, however, has held that an interlocutory district court order in a bankruptcy proceeding may be appealed to the court of appeals under 28 U.S.C. § 1292(b) regardless of where the proceeding began. *See Freuhauf Corp. v. Jartran, Inc. (In re Jartran, Inc.),* 886 F.2d 859, 865 (7th Cir. 1989); *Fed. Deposit Ins. Corp. v. Moens (In re Moens),* 800 F.2d 173, 177 (7th Cir. 1986); *but see In re Szekely,* 936 F.2d 897, 899 (7th Cir.1991) (Where a district court affirmed a bankruptcy order, the appellate court stated "our jurisdiction is confined to final orders by the district judge. 28 U.S.C. § 158(a), (d).").

While we have not squarely addressed this issue,[7] we have implied support for the *Jartran* position. *See Kelley v. Nodine (In re Salem Mortgage Co.),* 783 F.2d 626, 632 n. 15 (6th Cir.1986); *see also River Prod., Co. v. Webb (In re Topco, Inc.),* 894

---

5. The bankruptcy estate and proceedings below included Baker & Getty Financial Services, Inc., and Baker & Getty Diversified, Inc. However, no facts relating to these two corporations would facilitate this court's analysis.

6. Six circuits have held that Section 158 *solely* governs circuit court jurisdiction when a case originates in bankruptcy court. *In re G.S.F. Corp.,* 938 F.2d 1467, 1472–73 (1st Cir.1991); *Germain v. Connecticut Nat'l Bank,* 926 F.2d 191, 194–97 (2d Cir.1991), *cert. granted,* —— U.S. ——, 112 S.Ct. 294, 116 L.Ed.2d 239 (1991); *Capitol Credit Plan of Tenn., Inc. v. Shaffer,* 912 F.2d 749, 749–54 (4th Cir.1990); *Kaiser Steel Corp. v. Frates (In re Kaiser Steel Corp.),* 911 F.2d 380, 386 (10th Cir.1990); *Hester v. NCNB Tex. Nat'l Bank (In re Hester),* 899 F.2d 361, 365 (5th Cir.1990); *In re First S. Sav. Ass'n,* 820 F.2d 700,

708 (5th Cir.1987); *Benny v. England (In re Benny),* 791 F.2d 712, 718 n. 5 (9th Cir.1986). Two other circuits have implied that they would follow this position. *See Brown v. Pennsylvania State Employees Credit Union (In re Brown),* 803 F.2d 120, 122 (3d Cir.1986); *TCL Investors v. Brookside Sav. & Loan Ass'n (In re TCL Investors),* 775 F.2d 1516, 1518–19 (11th Cir.1985).

7. Recently, without addressing the issue, this court authorized two Section 1292(b) appeals from district court orders in proceedings which originated in bankruptcy court. *See Luper v. Langley (In re Lee Way Holding Company),* No. 90–3706 (6th Cir. August 10, 1990); *Grogan v. A & A Energy Properties, Ltd. (In re Corango Resources, Inc.),* No. 90–1742 (6th Cir. June 19, 1990).

F.2d 727, 737 (5th Cir.1990); *but see Hester v. NCNB Tex. Nat'l Bank (In re Hester),* 899 F.2d 361, 365 (5th Cir.1990) ("28 U.S.C. § 158 clearly supersedes 28 U.S.C. § 1291...."); *In re First S. Sav. Ass'n,* 820 F.2d 700, 708 (5th Cir.1987). In *Salem Mortgage,* we held that 28 U.S.C. §§ 158 and 1291 provide alternative bases for appellate jurisdiction, stating that 28 U.S.C. § 158 is not a "comprehensive and exclusive scheme" and jurisdictional grants are not "normally exclusive." *Salem Mortgage,* 783 F.2d at 632.

In addition, while 28 U.S.C. § 158 does not provide for interlocutory appeals to the court of appeals, neither it nor its legislative history expressly negates jurisdiction or "indicates that Congress intended to foreclose such review." *Moens,* 800 F.2d at 177. "[W]e would expect the Congress to have" explicitly limited 28 U.S.C. § 1292(b), "if in fact it intended such a limitation." *Id.*

For these reasons, we decline to join the majority view. Rather, we hold that 28 U.S.C. § 158(d) does *not* exclusively govern circuit court jurisdiction over bankruptcy proceedings which originated in the bankruptcy court. Accordingly, in this court's discretion, the District Order may be appealed to this court under 28 U.S.C. § 1292(b) regardless of where the proceeding began, if the petitioner can show three elements: (1) a controlling legal question is involved; (2) there is "substantial ground for 'difference of opinion' regarding it"; and (3) an immediate appeal would materially advance the litigation's ultimate termination. *Cardwell v. Chesapeake & Ohio Ry.,* 504 F.2d 444, 446 (6th Cir.1974); *see also Kraus v. Board of County Rd. Comm'rs,* 364 F.2d 919, 922 (6th Cir.1966) (ultimate determination concerning interloc-

utory appeal is within circuit court's discretion).

■ "Although it is not incumbent upon this court to express our reasons for granting ... permission to take an interlocutory appeal, we do so in the present case." *Id.* Each factor exists here. First, this appeal involves the controlling [8] legal question of whether bankruptcy courts may conduct jury trials. Second, the circuits are split on this issue.[9] Finally, a decision by this court would materially advance this adversary proceeding's ultimate termination. Absent this court's review of the District Order, the bankruptcy court would conduct the jury trial. However, if we later determined that the bankruptcy court lacked the authority to conduct it, then the bankruptcy court jury trial would be invalid and a second jury trial in the district court would be necessary. Thus, "an intermediate appeal may avoid protracted and expensive litigation...." *Id.* Accordingly, we have jurisdiction over this interlocutory appeal.

### III

A claim raised before the trial court but not pursued on appeal is deemed abandoned. *Brainard v. Secretary of Health and Human Serv.,* 889 F.2d 679, 681–82 (6th Cir.1989); *McMurphy v. Flushing,* 802 F.2d 191, 198–99 (6th Cir.1986). As plaintiff's briefs do not address whether defendant is entitled to a jury trial, plaintiff has abandoned this issue and his cross-appeal of it is dismissed.

### IV

■ We have not decided whether bankruptcy courts may conduct jury trials, and the three circuits which have decided this issue are split. One circuit held that bank-

---

**8.** While the district court's opinion that a question is controlling is persuasive, it is not binding on this court. *Kraus,* 364 F.2d at 921. However, the district court correctly concluded that the District Order involves a "controlling" legal question under 28 U.S.C. § 1292(b). "[T]he resolution of an issue need not necessarily terminate an action" or "have precedential value for a number of pending cases" to be "controlling." *Klinghoffer v. S.N.C. Achille Lauro,* 921 F.2d 21, 24 (2d Cir.1990), *vacated on other grounds by,* 937 F.2d 44 (1991). "Rather, all that must be

shown in order for a question to be 'controlling' is that resolution of the issue on appeal could materially affect the outcome of litigation in the district court." *Arizona v. Ideal Basic Indus.* (*In re Cement Antitrust Litigation*), 673 F.2d 1020, 1026 (9th Cir.1981); *see also Aktiebolag v. Waukesha Cutting Tools, Inc.,* 640 F.Supp. 1139, 1141 (E.D.Wis.1986). This court's decision on whether bankruptcy courts may conduct jury trials will materially affect the outcome of the district court litigation.

**9.** *See* discussion *infra* part IV.

ruptcy courts may conduct jury trials. *See Ben Cooper, Inc. v. The Ins. Co. of the State of Penn. (In re Ben Cooper, Inc.),* 896 F.2d 1394, 1402–04 (2d Cir.), *cert. granted,* —— U.S. ——, 110 S.Ct. 3269, 111 L.Ed.2d 779, *vacated and remanded,* —— U.S. ——, 111 S.Ct. 425, 112 L.Ed.2d 408 (1990), *reinstated,* 924 F.2d 36, *cert. denied,* —— U.S. ——, 111 S.Ct. 2041, 114 L.Ed.2d 126 (1991). Two other circuits held that bankruptcy courts may not conduct jury trials. *See In re United Mo. Bank of Kansas City, N.A.,* 901 F.2d 1449, 1454–57 (8th Cir.1990); *Kaiser Steel Corp. v. Frates (In re Kaiser Steel Corp.),* 911 F.2d 380, 392 (10th Cir.1990). For the following reasons, we will follow the Eighth and Tenth Circuits' decisions.[10]

First, no statutory language supports jury trials in the bankruptcy courts. "The relevant statutory provision ... offers almost no guidance." *Ben Cooper,* 896 F.2d at 1402. It "provides only that 'this chapter and title 11 do not affect any right to trial by jury that an individual has under applicable nonbankruptcy law with regard to a personal injury or wrongful death tort claim.' " *Id.* (quoting 28 U.S.C. § 1411(a)). It "does not even make clear whether jury trials are afforded for other actions,[11] let alone the proper forum for those trials." *Id.* In addition, 28 U.S.C. § 157, which authorizes bankruptcy courts to "hear and determine" all title 11 cases and "core" proceedings, provides no insight into whether Congress intended for bankruptcy courts to conduct jury trials in core proceedings.

Second, no present Bankruptcy Rule provides for jury trials. *Ben Cooper,* 896 F.2d at 1402–03. At one time, Federal Rule of Bankruptcy Procedure 9015 provided for jury trials. *Id.* at 1403. However, "[i]n light of the clear mandate of 28 U.S.C. § 2075 that the 'rules shall not abridge, enlarge or modify any substantive right,' "

Rule 9015" was abrogated. Committee Note to Abrogation of Bankr.R. 9015; *see also Ben Cooper,* 896 F.2d at 1403.

Third, as the Tenth Circuit stated recently:

> Congress had no specific intent to vest bankruptcy judges with the authority to conduct jury trials. Until *Granfinanciera,* it was possible for Congress to presume that jury trial rights would not extend to core proceedings. As such, no authority to conduct jury trials needed to be granted.

*Kaiser Steel,* 911 F.2d at 392. As "Congress did not consider the constitutionality of denying jury trials," it is doubtful that "it considered the need to provide for authority for the bankruptcy court to conduct a jury trial." *United Mo. Bank,* 901 F.2d at 1456.

In summary, as one bankruptcy court stated:

> [W]hen one reflects upon the system established by Congress, it is apparent that it intended to create a specialized court to handle bankruptcy matters in an expedited and efficient manner. The system is not set up to handle lengthy jury trials. To introduce this method of litigation into the system would be at the expense of all other matters handled by the bankruptcy courts. This Court does not believe such a result was intended by Congress. Moreover, without an express statutory provision, this Court refuses to find that Congress has authorized the bankruptcy courts to conduct jury trials.

*Ellenberg v. Bouldin,* 125 B.R. 851, 854 (Bankr.N.D.Ga.1991). Accordingly, as the relevant statutes do not reveal any congressional intent that bankruptcy courts conduct jury trials, we will not imply that bankruptcy courts are authorized to conduct jury trials. *Kaiser Steel,* 911 F.2d at 392; *United Mo. Bank,* 901 F.2d at 1454–

---

**10.** As bankruptcy courts are not *statutorily* authorized to conduct jury trials, this court will not address whether such an authorization would violate Article III of and the Seventh Amendment to the United States Constitution. Moreover, as the district court must conduct the jury trial regardless of whether this is a "core" or a "non-core" proceeding, this court will not determine whether this adversary proceeding

was a "core" proceeding. *See In re Post–Newsweek Stations, Mich., Inc.,* 722 F.2d 325, 328 (6th Cir.1983) (advisory opinions prohibited).

**11.** However, the Supreme Court has held that jury trials are afforded in other actions. *See Granfinanciera,* 492 U.S. at 40–49, 109 S.Ct. at 2789–94.

57; *see also In re Hipp, Inc.*, 895 F.2d 1503, 1511 (5th Cir.1990) (no implied grant of criminal contempt power to bankruptcy courts where not expressly granted by Congress).

## V

■ In their briefs, the parties addressed whether the bankruptcy court should rule on the legal issues involved in this adversary proceeding. However, a party must be aggrieved by a district court order to have standing to appeal it. *Kochins v. Linden–Alimak, Inc.*, 799 F.2d 1128, 1137 (6th Cir.1986). As this issue was not raised in or ruled on by the district court, the parties have not been aggrieved by a district court ruling on it. Therefore, it cannot be raised on appeal.

## CONCLUSION

For the reasons stated herein, we RE-VERSE the district court in part and RE-MAND this adversary proceeding to the district court for a jury trial.